IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

_____

| | | |
|---|---|---|
| SANDRA ("SAM") JONES | § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. _____ |
| | § | JURY DEMANDED |
| ROYSTON, LLC | § § § | |
| Defendant. | § | |

_____

## COMPLAINT

_____

COMES THE PLAINTIFF, **SANDRA "SAM" JONES**, filing this Complaint against **ROYSTON, LLC.** He shows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff, SANDRA "SAM" JONES, is a citizen and resident of Madison County, Tennessee.

2. Defendant, ROYSTON, LLC is a foreign corporation (Georgia) doing business in Madison County, Tennessee where it employed the Plaintiff at 920 Richmond St., Jackson, Tennessee 38301.

3. The Defendant is bound by the statutory law under the

1

Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101 *et seq.*

4.  This Court has subject matter jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) because the parties are "citizens" of different states and the amount in controversy exceeds $75,000.

5.  Venue is proper in this Court because Defendant was doing business in this district and a substantial part of the events or omissions giving rise to this action occurred in this district.

## FACTUAL BASES FOR SUIT

6.  Plaintiff is over the age of forty.

7.  Defendant employed Plaintiff, at will, on the assembly line. Plaintiff had worked for Defendant for approximately fifteen (15) years.

8.  In November of 2012, Defendant advised Plaintiff that he had been selected for layoff and, therefore, his employment was being terminated.

9.  Defendant claimed it was necessary to select Plaintiff for layoff because there was a "lack of work" for him to perform.

10. However, Defendant actually wanted younger employees. Stating a "lack of work" was the chosen method to relieve Plaintiff, an older worker, of his job. In fact, Defendant's plant manager openly queried why older workers were being kept on, and how younger employees needed to be hired in.

11. True to this belief, and contrary to the "lack of work," while terminating Plaintiff for an alleged "lack of work," Defendant was retaining and/or hiring younger "temporary" employees.

12. Defendant terminated Plaintiff's employment because of his age. Tenn. Code Ann. §4-21-101(a)(3), (b).

13. While terminating Plaintiff's employment, Defendant told Plaintiff he could apply for work again at a certain date.

14. But when Plaintiff sought re-employment, as he was suggested to do, Defendant told him there was no work for him even though Defendant was still hiring in other younger workers.

15. Defendant's actions, above, have taken a toll upon Plaintiff, causing him worry, financial distress, anxiety, and fear. He seeks appropriate compensatory damages along with all lost wages (back pay and front pay (or reinstatement)) and his attorneys fees and costs.

## CAUSES OF ACTION

16. Plaintiff brings the following cause of action under Tennessee Code Ann. §4-21-101 et. seq. against Defendant:

   A. **Age Discrimination Under the Tennessee Human Rights Act in both discharge and hiring.**

17. Plaintiff demands a jury.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF requests Defendant Answer this Complaint, that Plaintiff be Awarded all compensatory damages available, any other equitable relief, wage and benefit losses, attorneys fees, costs, prejudgment interest and post-judgment interest, that Defendant respond to Plaintiff's First Set of Interrogatories and Requests for Production of Documents attached hereto as **Exhibit A**; and any further relief at either law or equity to which he may be entitled.

>Respectfully submitted,
>
>**GILBERT RUSSELL McWHERTER PLC**
>
>/s Justin S. Gilbert
>Justin S. Gilbert (TN Bar No. 017079)
>Jonathan L. Bobbitt (TN Bar No. 023515)
>Jessica F. Salonus (TN Bar No. 28158)
>101 North Highland
>Jackson, TN 38301
>Telephone: 731-664-1340
>Facsimile: 731-664-1540
>jgilbert@gilbertfirm.com
>jbobbitt@gilbertfirm.com
>jsalonus@gilbertfirm.com
>
>*ATTORNEYS FOR PLAINTIFF*